**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANTHONY GAZZIGLI, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:12-cv-00051-RCJ-VPC |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists six causes of action: (1) Violation of the Fair Debt Collection Practices Act ("FDCPA") as incorporated under Nevada Revised Statutes ("NRS") Section 649.370; (2) Unfair Trade Practices under NRS Chapters 41 and 598; (3) Violation of the Implied Covenant of Good Faith and Fair Dealing; (4) Statutorily Defective Foreclosure under NRS Section 107.080; (5) Quiet Title; and (6) Fraud. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion in part and denies it in part.

**I.     THE PROPERTY**

Plaintiff Anthony Gazzigli gave lender Countrywide Home Loans, Inc. ("Countrywide") (*Id.*) a $124,600 promissory note secured by real property at 1624 & 1624 ½ G St., Sparks, NV 89431 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Dec. 9, 2004, ECF No. 4-1). The

1  trustee was CTC Real Estate Services ("CTC"), and Mortgage Electronic Registration Systems,
2  Inc. ("MERS") was the lender's "nominee." (*See id.* 2).  MERS assigned the beneficial interest
3  to The Bank of New York Mellon ("Mellon"), as trustee for a mortgage-backed security.
4  (*See* Assignment, Feb. 22, 2010, ECF No. 4-3).  Mellon substituted Recontrust Co., N.A.
5  ("Recontrust") as trustee. (*See* Substitution, Feb. 22, 2010, ECF No. 4-4).  First American Title
6  Insurance Co. ("First American") filed the notice of default ("NOD") as agent for Recontrust
7  based on a default of unspecified amount as of September 1, 2009. (*See* NOD, Feb. 22, 2010,
8  ECF No. 4-5).  Recontrust attempted to sell the Property at four trustee's sales between August
9  2010 and September 2011. (*See* Notices of Trustee's Sale, ECF Nos. 4-7 to 4-11).

## II.   ANALYSIS

Although the timing of the foreclosure documents appears to have been proper, there is no evidence of First American's agency on behalf of Recontrust apart from First American's own claim of agency on the NOD itself.  The Court will therefore await a summary judgment motion on the section 107.080 and quiet title claims.  The other claims fail under the respective statutes of limitations and for other reasons given in substantively similar cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part.  All claims are dismissed except those for statutorily defective foreclosure and quiet title.

IT IS SO ORDERED.

DATED this 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge