UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY GAZZIGLI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COUNTRYWIDE HOME LOANS, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | 3:12-cv-00051-RCJ-VPC <br><br> **ORDER** |

This is a residential nonjudicial foreclosure prevention case involving one property. Pending before the Court is a Motion for Summary Judgment (ECF No. 20). For the reasons given herein, the Court grants the motion.

**I.     THE PROPERTY**

Plaintiff Anthony Gazzigli gave lender Countrywide Home Loans, Inc. ("Countrywide") (*Id.*) a $124,600 promissory note secured by real property at 1624 & 1624 ½ G St., Sparks, NV 89431 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Dec. 9, 2004, ECF No. 4-1). The trustee was CTC Real Estate Services ("CTC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS assigned the note and deed of trust to The Bank of New York Mellon ("Mellon"), as trustee for a mortgage-backed security. (*See* Assignment, Feb. 22, 2010, ECF No. 4-3). Mellon substituted Recontrust Co., N.A. ("Recontrust") as trustee. (*See* Substitution, Feb. 22, 2010, ECF No. 4-4). First American Title

Insurance Co. ("First American") filed the notice of default ("NOD") as agent for Recontrust based on a default of unspecified amount as of September 1, 2009. (*See* NOD, Feb. 22, 2010, ECF No. 4-5). Recontrust attempted to sell the Property at four trustee's sales between August 2010 and September 2011. (*See* Notices of Trustee's Sale, ECF Nos. 4-7 to 4-11).

Plaintiff sued Defendants in state court on six causes of action: (1) Violation of the Fair Debt Collection Practices Act ("FDCPA") as incorporated under Nevada Revised Statutes ("NRS") Section 649.370; (2) Unfair Trade Practices under NRS Chapters 41 and 598; (3) Violation of the Implied Covenant of Good Faith and Fair Dealing; (4) Statutorily Defective Foreclosure under NRS Section 107.080; (5) Quiet Title; and (6) Fraud. Defendants removed and moved to dismiss. The Court dismissed all claims except the fourth and fifth because there was no evidence of First American's agency for Recontrust except First American's own claim of agency on the NOD. Defendants have now moved for summary judgment.

## II.   ANALYSIS

Defendants argue that Recontrust's later execution of the notices of trustee's sale ratify First American's filing of the NOD. *See Bates v. MERS*, No. 3:10-cv-00407, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011) (Jones, J.) (citing Restatement (Third) of Agency § 4.03). The Court agrees. Recontrust itself executed the notices of trustee's sale. (*See* Notices of Trustee's Sale, ECF Nos. 4-7 to 4-11). And the fact that First American recorded the notices of trustee's sale that Recontrust executed, with direction that a copy of the recorded document be mailed to Recontrust, is further evidence of the agency relationship. This evidence of ratification of First American's filing of the NOD on Recontrust's behalf eliminates any genuine issue of material fact as to the statutory propriety of the foreclosure.[1] Plaintiff adduces no evidence to satisfy his

---

[1] Defendants also adduce the declaration of Paul Butler, a vice president of Recontrust. (*See* Butler Decl. ¶ 1, Nov. 30, 2012, ECF No. 20-1). Butler attests as to knowledge of "certain business records" of Recontrust relating to the property that indicate Recontrust authorized First American to file the NOD. (*See id.* ¶¶ 2–4). Butler's attestation as to the contents of those "certain business records," however, is inadmissible. *See* Fed. R. Evid. 1002. Either the original

shifted burden.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 20) is GRANTED.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge

---

documents or "duplicate[s]" as defined in the evidence rules are required to prove the contents of the documents. Fed. R. Evid. 1002, 1003. Other evidence of the contents of the documents, such as Butler's description, is only admissible if the documents have been lost or destroyed, are unobtainable, are in the exclusive possession of an adversary, or if they concern only collateral matters. Fed. R. Evid. 1004. Butler's declaration makes clear that none of these circumstances are present (he claims to have access to the documents), and the matter that the evidence of the documents is offered to prove is not collateral but dispositive.